[Civ. No. 7678.  Second Appellate District.  Division One.—June 20, 1933.]

LENA FRIEDMAN, Respondent, v. E. H. BARBE et al., Appellants.

Foster & Klinck and George N. Foster for Appellants.

Lissner, Roth & Gunter, Louis M. Lissner and I. H. Prinzmetal for Respondent.

DESMOND, J., *pro tem.*—The plaintiff recovered a judgment in a jury-waived trial against both defendants in the sum of $3,500, assessed as damages for injuries sustained in an automobile collision. Both defendants have appealed, but no brief has been filed by defendant Barbe. Where hereinafter the term appellant is used it refers to the other defendant, Ward. About 7:40 P. M. of July 30, 1929, plaintiff was riding in the rear seat of an automobile owned and operated by her son-in-law, the appellant Ward, who at that time was driving north on Berendo Street near Beverly Boulevard in the city of Los Angeles. Beverly Boulevard is a main traveled thoroughfare with boulevard stop signs throughout its course. The appellant brought

his car to a full stop as he reached the southerly line of Beverly Boulevard and observed traffic moving east and west along that street. According to his testimony, he saw more than one automobile coming from the west and a street-car and at least one other automobile approaching from the east. He decided to enter the intersection between this traffic moving east and west, and when he had reached the car tracks came to a full stop, the street-car in the meantime having passed his car on its westward course. Appellant put his hand out for a left turn, and as his car stood upon the tracks, Barbe driving toward the east, struck the rear of the Ward car with his own auto, moving it in an easterly direction, and in this collision the plaintiff suffered the injuries for which damages were awarded.

Appellant claims that the record does not as a matter of law disclose any evidence of negligence on his part. Respondent contends that the evidence justified the court in finding appellant was negligent in two particulars: First, in not waiting at the southerly curb line until all traffic with which he might collide had moved both east and west; next, in coming to an abrupt stop on the car tracks in approximately the middle of a street where traffic was moving in both directions. It may be noted here that Berendo Street does not cross Beverly Boulevard in a direct line, the northerly portion of that street being some 60 or 70 feet west of the southerly portion measured between the center lines of the street. The diagram of the locale also indicates that when appellant stopped his car in Beverly Boulevard, it stood in a diagonal position with the forward part pointing to the northwest across the northerly or west-bound car line, the rear portion being across the east-bound car line. Appellant testified that when he stopped his car in that position, the street-car had reached a point approximately 60 feet to the west. He also testified that at that instant the only other west-bound traffic was an automobile approximately 200 feet east of him traveling at a speed which he estimated at 30 miles per hour; further, that he remained stationary for about ten seconds. Under these circumstances, can it be said that there was no evidence to justify the finding that this appellant was negligent? We do not think so. The court

may have concluded that conditions required the defendant not to stop his car, but, on the contrary, to make a short left-hand turn while traveling to the west on or near the west-bound tracks to a point at least opposite the northerly portion of Berendo Street, if he intended going north, or to the west in the wake of the street-car, if he intended going west.

Section 130 of the California Vehicle Act in force at the time of this accident, reads as follows (Stats. 1925, p. 413):

"Sec. 130. Signals on turning. (*a*) The driver of any vehicle upon a public highway before starting, turning or stopping such vehicle shall first see that such movement can be made in safety, and if it can not be made in safety, shall wait until it can be made in safety; then, if the operation of any other vehicle may reasonably be affected by such movement, the driver shall give a signal plainly visible to the driver of such other vehicle of the intention to make such movement. Such signal may be given either by the use of the hand and arm in the manner hereinafter provided, or by means of a mechanical or electrical device which meets the requirements hereinafter set forth and which has been approved by the division of motor vehicles as hereinafter provided.

"Whenever the signal is given by means of the hand and arm, the driver shall indicate his intention to turn to the left by extending his hand and arm horizontally from and beyond the left side of the vehicle, his intention to turn to the right by extending his hand and arm upward and beyond the left side of the vehicle, and his intention to stop or to suddenly decrease speed by extending his hand and arm downward from and beyond the left side of the vehicle.

"The signal herein required to be given before turning to the right or left, whether given by means of the hand and arm or by means of an approved mechanical or electrical device, shall be given continuously during the last fifty feet traveled by the vehicle before turning."

In the instant case the appellant gave a signal with his left arm for a left turn and gave no signal for a stop. Possibly the other defendant, observing the signal for a turn and not for a stop, concluded that the Ward car would be off the southerly track in time for him to travel

eastward without diminishing his speed, whereas, if he had seen a stop signal given by Ward, he might have thrown on his brakes and avoided a collision. If, instead of entering this boulevard at the time he did, appellant had waited for the traffic to clear, this accident would not have occurred. In view of what developed, we are not prepared to say that his failure to wait did not constitute additional evidence of negligence on his part.

Judgment affirmed.

Houser, Acting P. J., and York, J., concurred.